UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHANNES JANSE VAN
RENSBURG,

      Plaintiff,

v.                                Case No:   2:24-cv-00050-JLB-KCD

CLICKATELL, INC.,

      Defendant.
_____/

## ORDER

This is a dispute between Plaintiff Johannes Janes Van Rensburg ("Rensburg") and his former employer, Defendant Clickatell, Inc. ("Clickatell"). Plaintiff's Complaint alleges whistleblower retaliation and age discrimination. (Doc. 3). Defendant moved to dismiss Count Two, Plaintiff's age discrimination claim, with prejudice. (Doc. 21). After careful review of the Complaint, the parties' briefing, and the entire record, the Court finds that Count Two of Plaintiff's Complaint is due to be dismissed without prejudice. Accordingly, Defendant's Motion to Dismiss Count Two of Plaintiff's Complaint is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff was employed by Defendant as its Chief Commercial Officer from 2019 until his termination in 2022. (Doc. 3 at ¶¶ 18–37). Plaintiff brought this lawsuit in part because he alleges that Defendant terminated him because of his age. (Doc. 3 at ¶¶ 53–58). Defendant moves to dismiss the age discrimination

claim. (Doc. 21). Plaintiff responded. (Doc. 22).

## LEGAL STANDARD

To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There is facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "labels and conclusions" are insufficient to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Further, a complaint may be dismissed if it does not "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.*

## DISCUSSION

Defendant moves to dismiss Count Two of the Complaint because Plaintiff has not exhausted all administrative remedies prior to filing this lawsuit. (Doc. 21). The Court finds otherwise but dismisses on other grounds.

**I.   Whether Plaintiff exhausted administrative remedies before filing his Complaint.**

Defendant argues that Plaintiff's age discrimination claim must be dismissed because "Plaintiff never complied with administrative preconditions to bringing any claim under the ADEA, the FCRA, the California Fair Employment and Housing Act, or any other law." (Doc. 21 at 2). However, "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

2

Here, Plaintiff alleges that "[a]ll conditions precedent to the filing of this lawsuit have been accomplished or waived." (Doc. 3 at ¶ 42). Therefore, the Complaint sufficiently alleges that administrative remedies have been exhausted. *See Metro. Life Ins. Co. v. Liebowitz*, No. 22-11794, 2023 WL 4420366, at *3 (11th Cir. July 10, 2023) (holding that the plaintiff's claim could proceed because it alleged that "all conditions precedent to filing suit" were met); *Makinson v. Scottsdale Ins. Co.*, 736 F. Supp. 3d 1144, 1146–47 (M.D. Fla. 2024) (declining to dismiss a complaint for failing to satisfy the conditions precedent to file suit because the plaintiff "allege[d] that she satisfied conditions precedent").

Further, Defendant's argument that Plaintiff did not exhaust administrative remedies "goes to a factual dispute that requires the Court to look beyond the four corners of the Complaint, which the Court cannot do at this stage of the proceeding." *Abhiram4021 Inc v. Scottsdale Ins. Co.*, No. 8:21-CV-2700-MSS-JSS, 2022 WL 3099007, at *2 (M.D. Fla. Jan. 25, 2022) (citing *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009)).

II. **Whether Plaintiff's Complaint provided Defendant with fair notice of what law it allegedly violated.**

To survive dismissal, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2). "If the Court concludes that a plaintiff's complaint does not meet the requirements of Rule 8(a) . . . it may dismiss the complaint *sua sponte* for failure to state a claim." *Rogers v. Fort Myers Police Dep't*, No. 2:22-CV-81-JES-NPM, 2022 WL 1406672, at *2 (M.D. Fla. May 4, 2022) (citing *Driessen ex rel. B.O. v. Florida Dep't of Children &*

3

*Families*, No. 09-13149, 2009 WL 3471302 *1 (11th Cir. 2009)).

Plaintiff's Complaint does not give Defendant fair notice of the grounds upon which he brings his age discrimination claim. Specifically, Plaintiff fails to specify under which law he brings the claim. (*See generally* Doc. 3 at ¶¶ 53–58). In his Response, Plaintiff attempts to clarify that he "did not bring his age discrimination claim under Title VII of the U.S. Code." (Doc. 22 at 4). However, "a plaintiff cannot amend h[is] complaint through a response to a motion to dismiss." *Davis-Harrison v. Chief United States Prob. Officer Middle Dist. of Fla.*, No. 22-14334, 2024 WL 2874046, at *2 (11th Cir. June 7, 2024) (citing *Dorman v. Aronofsky*, 36 F.4th 1306, 1317 (11th Cir. 2022)).

Even if the Court could consider the Response's clarification on whether the claim is brought under state or federal law, Plaintiff fails to specify whether he is bringing the claim under California or Florida law. (*See* Doc. 22 at 4). Indeed, Plaintiff "assume[d] for the purposes of the Response only that Florida law applies," explaining that Defendant's "principal place of business is in California." (Doc. 22 at 4). Though Defendant does not argue this point in its Motion to Dismiss, it acknowledges the confusion this has caused before going on to make administrative exhaustion arguments for the federal Age Discrimination in Employment Act, the Florida Civil Rights Act of 1992, and the California Fair Employment and Housing Act. (Doc. 21 at 2) ("Plaintiff implies . . . without specifying, that he may have brought his age discrimination claim under state law (possibly California) other than Florida law."). Such uncertainty makes it "impossible for this Court [and

Defendant] to discern the true nature and basis of Plaintiff's claim[]." *Bagley v. City of Tampa*, No. 8:07-CV-218-T-27EAJ, 2007 WL 9723949, at *1 (M.D. Fla. Sept. 19, 2007); *see Bartley v. Kim's Enter. of Orlando, Inc.*, No. 610CV1180ORL35DAB, 2010 WL 11626849, at *3 (M.D. Fla. Dec. 20, 2010) (dismissing the plaintiff's claims where the complaint failed to indicate "whether the claims ar[o]se under federal or state law"); *Adams v. Langford*, No. 506CV-297OC-10GRJ, 2006 WL 3060031, at *4 (M.D. Fla. Oct. 26, 2006) (explaining that the plaintiffs' claim "must be dismissed for failure to state a claim" because they "failed to specify" whether they were brining "a state claim or a claim pursuant to 42 U.S.C. § 1983"); *Antoine v. Navicent Health, Inc.*, No. 5:18-CV-00048-TES, 2018 WL 6531668, at *19 (M.D. Ga. Dec. 12, 2018) (finding that because the plaintiff's complaint "fails to give Defendants fair notice of what law, either state or federal, they are charged with violating," it must be dismissed).

For the foregoing reasons, Plaintiff fails to state a claim for age discrimination. Therefore, the Court must dismiss Count Two. However, the Court will allow Plaintiff leave to amend to cure this deficiency. That said, the Court encourages the parties to consider settlement discussions.

## CONCLUSION

Accordingly, it is **ORDERED**:

1. Defendant's Motion to Dismiss Count Two (Doc. 21) is **GRANTED IN PART** and **DENIED IN PART**.

2. Count Two of the Complaint (Doc. 3) is **DISMISSED without prejudice**.

3. Plaintiff shall have leave to file an amended complaint. Should Plaintiff do so, Plaintiff must file such within fourteen (14) days from the date of this Order.

4. No additional claims may be raised in any second amended complaint.

**ORDERED** in Fort Myers, Florida, on February 7, 2025.

*/s/ John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE